FILED
SUPERIOR COURT
OF GUAM

2014 AUG 11 PM 3: 24

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | |
|---|---|
| v. | CASE NO. CF0272-12 |
| EDWIN LUDWIG, | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on July 10, 2014 on Defendant Edwin Ludwig's ("Defendant") Motion to Dismiss. Attorney Raymond B. Ilagan represents the Defendant. Attorney Charles Kinnunen represents the People of Guam ("Government"). Having reviewed the pleadings, the arguments therein, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On April 26, 2012, Defendant was indicted on the following charges: (1) Assault on a Peace Officer (as a 3rd Degree Felony); (2) Driving While Under the Influence of Alcohol (As a Misdemeanor); (3) Resisting Arrest (As a Misdemeanor); (4) No Driver's License (As a Petty Misdemeanor); and (5) Reckless Driving (As a Petty Misdemeanor). *See* Indictment, April 26, 2012). An arraignment hearing was held on May 9, 2012, at which Defendant was not present. A summons was reissued ordering Defendant to appear on June 6, 2012. Defendant again was not present at that hearing and a bench warrant was issued. A return of warrant was filed on

*People v. Ludwig*
Case No. CF0272-12
*Decision and Order*

May 17, 2013. Defendant appeared at an arraignment hearing on May 22, 2013 without counsel and the arraignment was continued. Defendant was finally arraigned on May 29, 2013, over one year after the grand jury returned the indictment in this case. On June 16, 2014, Defendant filed a Motion to Dismiss this case because he was not promptly arraigned as required under Guam law. The Government opposes.

## DISCUSSION

In *People v. Rasauo*, ("Rasauo II"), the Supreme Court of Guam held that "unless good cause is shown, a complaint shall be dismissed where a defendant is not arraigned within 60 days of the date of filing of a formal complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 14. To that end, the Supreme Court held that "compliance with this new standard . . . require[s] a case by case analysis of whether or not the 'specific circumstances' of any given case show good cause for delay beyond the 60 day period normally required to comply with the law." *Id.*

In *People v. Julian*, the Supreme Court affirmed the trial court's dismissal, finding that that no good cause was shown for the delay to promptly arraign the defendant therein. *People v. Julian*, 2012 Guam 26. In that case, the delay was attributed to the processing and service of the summons. The Supreme Court found that "[a]lthough the trial judge suggests a diligent effort by the Marshal to serve [the Defendant], the mere three attempts to serve without explanation as to the failures does not itself justify good cause for the delay to promptly arraign [the Defendant]." *Id.* at ¶ 29.

In the present case, the record is devoid of any evidence that the Marshals even attempted to serve the Defendant between the time of his arrest and the time of his arraignment. Defendant argues that when the present case was filed, he was already under the supervision of the probation office under another case, CM532-11 (hereinafter "first case"). (Def's. Mot. Dismiss ("Mot.") at 2, Jun. 17, 2014). Notably, the first case and the present case arise out of

the same facts. The first case, however, was eventually dismissed on May 17, 2012. Defendant maintains that he has lived at the same residence for over five years and continues to reside there. Mot. at 2. Further, Defendant argues that because he was under the Court and probation's supervision for nearly a month before the first case was dismissed, there is no reason that the Marshals or probation could not have access to his contact information, or let alone serve him while checking into probation. *Id.* On that basis, Defendant contends that no good cause exists for the Court, the Marshals or probation to fail to properly serve Defendant. *Id.*

The Government concedes that Defendant was not promptly arraigned within sixty days. (Opp'n at 1, Jul. 7, 2014). However, the Government submits that good cause exists in that the Defendant has provided the Court with alias names and multiple addresses and birthdates spanning a period of time so as to make it difficult for him to be located. *Id.* The Government also references another of Defendant's previously dismissed cases, namely, CM1057-07, where they assert that Defendant refused to give his Social Security number and Defendant provided alias names and birthdates. *Id.* Ultimately, the Government suggests that Defendant uses false information to confuse the court system and to take advantage of the *Rasauo* ruling. *Id.* For those reasons, the Government requests that the Court deny Defendant's Motion to Dismiss.

Upon review of the Government's filings, which pertain to CM1057-07, the Court is not convinced that good cause exists to excuse the delay in Defendant's arraignment. There is nothing in the Court's file to indicate that any attempts were made to serve the Defendant at all. For that reason, alone, the Court concludes that good cause has not been shown to excuse the delay in Defendant's arraignment. Accordingly the Court will GRANT Defendant's Motion to Dismiss.

Next, Defendant requests that the Court dismiss the case with prejudice. Mot. at 3. The Government requests that if the Court grants the motion, as it did, that the dismissal be without prejudice. Opp'n at 3. In *People v. Aromin*, the Supreme Court of Guam, adopted the federal Speedy Trial Act factors and held that when deciding to dismiss a case with or without prejudice, the trial court is required to consider: "(1) the seriousness of the offense (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a prosecution on the administration of justice." *People v. Aromin*, 2014 Guam 3 ¶ 21. Furthermore, the Supreme Court held that "the second factor includes, but is not limited to, the facts and circumstances surrounding the length of delay, government conduct, and actual prejudice suffered by the defendant." *Id.*

Defendant first argues that the charges in this case are not serious. Mot. at 3. Presumably, with respect to the charge of assault on a peace officer, Defendant submits that the officer did not suffer a serious injury as the police report indicates that the Defendant refused to enter the holding cell and kicked the officer in his leg. *Id.* Next, Defendant contends that he has and will continue to suffer tremendous prejudice, as his life has essentially been put on hold since his initial arrest. *Id.* at 4. Finally, Defendant maintains that if the Court does not dismiss this case with prejudice, and itgives the Government another chance to bring this case, the administration of justice will be impacted in such a way as to contradict the court's policy of expeditiously resolving cases. *Id.* at 4.

The Supreme Court in *Aromin* affirmed the trial court's dismissal without prejudice. With regard to the seriousness of the offense factor, the trial court therein considered that dismissal with prejudice favored Aromin because the crimes alleged against him were "not felony crimes,[but] less serious than felonious crimes." *Aromin*, 2014, Guam 3 ¶ 23. In this case, the Defendant is charged, among other things, with assault on a peace officer as third

degree felony. Although the police officer apparently did not suffer serious injuries, that does not diminish the seriousness of the charge of assault on a peace officer, which constitutes a third degree felony. Next, the facts and circumstances leading to the dismissal do not favor dismissal with prejudice. Although there is no evidence of any efforts to serve the Defendant, there is also no evidence of any bad faith on the part of the Government or the Court in causing the delay. With regard to prejudice suffered, Defendant argues that he felt humiliated when he was finally arrested for the instant case as it occurred at the probation office in front of his family. Mot. at 4. Further, Defendant argues that he has been prejudiced in that his life has been on hold since his initial arrest. The Court is not convinced that Defendant has been necessarily prejudiced such as to warrant a dismissal with prejudice. As the lower court in *Aromin* recognized, "the Defendant was not languishing in jail awaiting the initiation of this case, [thus] the liberty interests discussed in [*U.S. v. Taylor*, 487 U.S. 326 (1988)] do not favor dismissal with prejudice." *Aromin*, 2014 Guam 3 ¶ 24. The same is true in the instant case, and Defendant has not provided the Court with any other evidence of actual prejudice suffered. Although the second factors is not limited to the facts and circumstances surrounding the length of delay, government conduct, and actual prejudice, the Court is not convinced that the second factor weighs in favor of dismissal with prejudice. Finally, with regard to the impact on the administration of justice, the Court agrees with Defendant in that the Court's policy is to expeditiously resolve matters. However, having considered the circumstances as a whole, and determining that the first two factors weigh against dismissal with prejudice, the Court is not convinced that the last factor, alone, compels the Court to dismiss this case with prejudice. Again, as the trial court in *Aromin* acknowledged, "dismissal without prejudice is not a toothless sanction because it forces the government to obtain a new indictment if it decides to

reprosecute, and it exposes the prosecution to dismissal on the statute of limitation grounds." *Aromin*, 2014 Guam 3 ¶ 24. On those bases, the Court will dismiss the case without prejudice.

///

///

///

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED without prejudice. The Jury selection and trial scheduled for August 13, 2014 is hereby VACATED.

**IT IS SO ORDERED** this $\underline{11}$ day of August, 2014.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto was placed in the
Court box of: PDSC

Date: 8/11/14 Time: 4:45 PM

Deputy Clerk, Superior Court of Guam

*People v. Ludwig*
Case No. CF0272-12
Decision and Order